In the Matter of GERALD P. GARSON (Admitted as GERALD PHILLIP GARSON), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, January 30, 1984

APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.* (*Leslie S. Evans* of counsel), for petitioner.

*Jerome Karp, P. C.,* for respondent.

OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to practice by this court on March 30, 1960 under the name of Gerald Phillip Garson. In this proceeding to discipline respondent for professional misconduct the petitioner moves to confirm in part and disaffirm in part the report of the special referee and the respondent cross-moves to confirm in part and disaffirm in part said report.

The special referee found respondent guilty of conferring gifts, gratuities and benefits upon a Civil Court Judge, by paying for a weekend stay at a resort hotel for the Judge and his wife. A second charge of misconduct was not sustained by the special referee.

After reviewing all of the evidence, including the stipulated facts before the special referee which narrowed the

issues, we are in full agreement with the special referee's report. The respondent is guilty of the professional misconduct alleged above. The petitioner's motion is granted to the extent that it seeks to confirm the special referee's report in part and it is otherwise denied. Respondent's cross motion is denied to the extent that it seeks to disaffirm the report in part and is otherwise granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the long-standing social relationship between respondent and the Judge which dated back to 1960 and the fact that there was no evidence that the respondent's activities in any way constituted an attempt to influence the Judge. Nevertheless, there appears to be at least a technical violation of DR 7-110 of the Code of Professional Responsibility which states in pertinent part that, except in circumstances which are inapplicable here, "[a] lawyer shall not give or lend anything of value to a judge". Accordingly, the respondent should be, and hereby is, censured for his misconduct.

LAZER, J. P., GIBBONS, O'CONNOR, WEINSTEIN and BROWN, JJ., concur.